UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL COLE KAISER,<br><br>              Plaintiff,<br><br>   v.<br><br>RYAN HERRINGTON et al.,<br><br>             Defendants. | CASE NO. 3:20-CV-05731-RAJ-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: September 11, 2020 |

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court are three Motions filed by Plaintiff: (1) Motion for Leave to Proceed *In Forma Pauperis* ("IFP", Dkt. 1); (2) First Motion to Dismiss (Dkt. 4); and (3) Second Motion to Dismiss (Dkt. 5). The Court recommends granting Plaintiff's First Motion to Dismiss (Dkt. 4), and the case be dismissed without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. The Court recommends all other pending Motions (Dkt. 1, 5) be denied as moot.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

On July 23, 2020, Plaintiff filed the Motion for Leave to Proceed IFP. Dkt. 1. On August 4, 2020, Plaintiff filed the First Motion to Dismiss seeking dismissal of his case. Dkt. 4. On August 6, 2020, Plaintiff filed the Second Motion to Dismiss. Dkt. 5. Plaintiff has not been granted IFP status, and the Complaint has not been served. *See* Dkt.

## DISCUSSION

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action "based on or including the same claim." Fed. R. Civ. P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Once the defendant has responded to the complaint, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1), (2).

Plaintiff requested the dismissal prior to Defendants filing an answer or summary judgment motion. *See* Dkt. The Court also finds Plaintiff has not previously dismissed an action based on the same claim. Therefore, the Court recommends Plaintiff's First Motion to Dismiss (Dkt. 4) be granted pursuant to Rule 41(a)(1). The Court recommends all other pending Motions (Dkt. 1, 5) be denied as moot.

## CONCLUSION

For the foregoing reasons, the Court recommends granting Plaintiff's First Motion to Dismiss (Dkt. 4), and Plaintiff's Complaint be dismissed without prejudice. The Court further recommends all other pending Motions (Dkt. 1, 5) be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on September 11, 2020, as noted in the caption.

Dated this 11th day of August, 2020.

David W. Christel
United States Magistrate Judge